# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TERRY LEE MESS,<br><br>    Defendant. | Case No. CR05-1025<br><br>TRIAL SCHEDULING AND<br>MANAGEMENT ORDER |

_____

In order to efficiently manage and schedule the heavy criminal case load in this district, the following ORDER is entered. This order is subject to modification to meet the needs of a particular case.

1. **TRIAL DATE:** This case has been placed on the court's calendar and is scheduled to be tried commencing at 8:00 a.m. on **OCTOBER 17, 2005**, before Linda R. Reade, United States District Court Judge. This may be one of many criminal cases scheduled to be tried on that date.

2. **FINAL PRETRIAL CONFERENCE:** Unless a separate Final Pretrial Conference is set by separate notice, a Final Pretrial Conference in this case will be held in the Chambers of the trial judge **8:00 a.m.** on the day scheduled for the commencement of trial. All counsel and parties are expected to be present for the Final Pretrial Conference.

3. **STATUS HEARING:** A status hearing before the undersigned is set for **12:00 NOON** on **SEPTEMBER 21, 2005**, second floor courtroom, United States District Courthouse, Cedar Rapids, Iowa. **Trial counsel and defendants must attend in person.** If the date or time set forth below is not convenient for counsel, the **in-person**

1

hearing may be conducted at any time prior to the time scheduled for the hearing that is determined by counsel to be convenient for all parties and the court. **If a plea hearing is set or the court is notified that the defendant intends to plead prior to the date/time set for the status hearing, the status hearing is automatically canceled and neither trial counsel nor the defendant need appear.**

4. **PRETRIAL MOTIONS & MOTIONS IN LIMINE:** Motions challenging the extent to which the government is providing discovery, motions to suppress, to dismiss, for severance or other similar motions, and any notice of a defense to be filed pursuant to Rule 12.2 shall be filed on or before **SEPTEMBER 16, 2005**. All Motions in Limine must be filed ten (10) business days in advance of the date scheduled for the commencement of trial. Resistances to the motions in limine must be filed at least five (5) business days in advance of the trial date. The court will take up the motions in limine at the Final Pretrial Conference.

Requests for subpoenas or writs of habeas corpus ad testificandum at government expense shall be submitted three (3) weeks prior to trial. A courtesy copy should be delivered to Judge Jarvey to ensure prompt processing of these requests.

All requested Voir Dire questions and trial briefs shall be filed not later than five (5) business days prior to trial.

5. **ACCEPTANCE OF RESPONSIBILITY:** This court has a very heavy volume of criminal cases which necessitates the scheduling of a number of criminal cases to commence on the same date. In order to afford all parties as much notice and opportunity to be prepared for trial as possible, the court anticipates making a final decision as to the cases to be tried and the order of trial, approximately two (2) weeks in advance of the date set for trial. Accordingly, all defendants are put on notice that the additional one level decrease for acceptance of responsibility provided for under USSG 3E1.1(b)(2) will not be given to the defendant, unless the defendant signs a plea agreement no later than the close of business fifteen (15) business days in advance of the date

2

scheduled for trial and enters the plea more than two (2) weeks before trial.  A defendant who pleads guilty without a plea agreement must notify the court of his intention no later than fifteen (15) business days before trial and enter the plea more than two (2) weeks prior to trial.  Once that deadline has expired, the parties can assume that the court will no longer grant the additional one level decrease because of the inability of the court to allocate its resources efficiently, unless exceptional circumstances are shown.

6.      **JURY INSTRUCTIONS:**    It is generally the practice of the court to use Eighth Circuit Model Jury Instructions in connection with all criminal cases tried in this court.  Specifically, the court anticipates giving Model Instruction Nos. 1.01, 1.02, 1.03, 1.05 (including the bracketed portion), 1.06 (including bracketed portion which allows for notetaking), 1.07, 1.08, and 1.09 (including the bracketed portions) as the court's preliminary instructions at the commencement of the trial.  At the conclusion of the trial the court anticipates giving Uniform Instruction Nos. 3.01, 3.02, 3.03, 3.04, 3.11 and 3.12.  Unless the parties are otherwise notified, the court anticipates giving each of those instructions, and no request is required from the parties for the submission of those instructions as part of the preliminary and final instructions in this case.

All other proposed jury instructions shall be submitted five (5) business days in advance of the trial date in the following form:

(a)     Pattern instructions (numbered separately) may be requested by reference to the source of the instruction, including the name of the publication, page number, and instruction number from the following sources of pattern instructions:  Manual of Model Jury Instructions for the District Courts of the Eighth Circuit, (1994 ed. West Publishing Co.); Devitt, et al., Federal Jury Practice and Instructions, (4th ed. 1992); Sand, et al., Modern Federal Jury Instructions (Matthew Bender).

(b)     Each non-pattern instruction shall treat a single subject and shall be set forth in full, double-spaced, on a separate sheet of paper.  At the bottom of the instruction, the party advancing the instruction shall set forth  the  citation  of  the  decision,  statute,  regulation  or  other

3

authorities supporting the proposition stated in the proposed instruction.

(c)     Any modification of a pattern instruction shall be disclosed. Additions shall be underscored and deletions shall be set forth by striking out the language sought to be deleted or setting out the deletions in parentheses.

7.     **READING OF JURY INSTRUCTIONS:**     It is the practice of the court to prepare a final, written version of the jury instructions to be read to the jury at the conclusion of the trial.  It is also the practice of the court to not require the court reporter to report the reading of the jury instructions and the instructions will be considered read as published in the final written version.  The parties will be given an opportunity to make a record as to any misreads of the instructions and further objections to the instructions at the conclusion of the reading of the instructions.  It is also the practice of the court that the instructions will be read prior to final arguments pursuant to Fed. R. Crim. P. 30.  If any party has an objection to any of this procedure, that objection must be raised at or before the Final Pretrial Conference.

8.     **DISCLOSURE OF WITNESSES, EXHIBIT LISTS AND JENCKS MATERIAL:**

No later than the Friday before the commencement of trial, the United States shall provide to each defense attorney all materials required to be disclosed to the defendant under the Jencks Act for each witness identified on the witness list.  No later than the day before it is anticipated that the Government will rest its case in chief, each defense counsel shall deliver to the Assistant United States Attorney prosecuting the case any Jencks Act material which relates to the witnesses listed on the defendant's witness list.

9.     **JURY INVESTIGATION:**     If any party does any type of jury investigation, the party shall disclose to the court and all opposing counsel the name of any potential juror that has been determined to have a criminal conviction for an offense more serious than a simple misdemeanor.

4

10.   **CONDUCT OF TRIAL:**   It is anticipated that the normal trial day will last from 9:00 a.m. to 5:00 p.m.  The parties are expected to have witnesses available so that the court can take testimony through the full trial day so that there will be no undue delay in the receipt of evidence.

The parties and their attorneys are also expected to be at the courthouse and available in the courtroom by no later than 8:45 a.m. on each morning of trial.  The time between 8:45 a.m. and the start of testimony at 9:00 a.m. will be used to review exhibits which the parties anticipate introducing into evidence during that trial day, to set up any audio-visual equipment (including the ELMO) and to take up any evidentiary or other issues which need to be addressed outside the presence of the jury.  In the event any party believes that there may be particularly difficult issues which may require more than five or ten minutes to resolve, that party shall advise the court and opposing counsel of that fact so that an earlier time can be set to meet with counsel and the parties outside the presence of the jury and still start the receipt of evidence at 9:00 a.m.

11.   **DEMONSTRATIVE DEVICES:**   Parties are reminded of the requirement that counsel disclose to the court and opposing counsel all charts, summaries and other demonstrative devices the attorney anticipates using during opening statement or closing argument.  This requirement does not apply to any exhibits admitted at trial which will be used during closing argument.

August 26, 2005.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT