**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| **UNITED STATES,** | ) |
| | ) |
| Plaintiff, | ) |
| | )    **NO. CR05-1025-LRR** |
| v. | ) |
| | )    **SENTENCING MEMORANDUM** |
| **TERRY LEE MESS,** | ) |
| Defendant. | ) |

In response to this Court's Order Setting Sentencing Hearing, which schedules the sentencing hearing in this case for October 26, 2006 at 8:00am. Pursuant to the Order Setting Sentencing Hearing, the Defendant states:

**A.**      **Witnesses**

Defendant does not anticipate calling any witnesses at the sentencing hearing.

**B.**      **Exhibits**

Defendant would utilize the same exhibits listed as the Government.

**C.**      **Sentencing Issues**

1. Whether the offense committed on October 1, 1990 was properly scored.

2. Whether a third level of acceptance of responsibility should be awarded.

## I.  Outline of Defendant's Position

### A.  Background

On August 24th, 2005, Defendant was charged in a four-count indictment.  Count 1 charged conspiracy to manufacture more than 50 grams of methamphetamine after having been twice convicted of felony drug offenses.  At the time, all parties believed that the Illinois offense was a Felony Drug Offense as defined by the United States Sentencing Guidelines.  Count 1 carried a mandatory sentence of life imprisonment.  Count 2 charged attempt to manufacture more than 50 grams of methamphetamine ever having been convicted of a felony drug offense.  Count 2 carried a mandatory minimum sentence of at least twenty (20) years and not more than life imprisonment.

The Defendant pled guilty to Count 2 of the indictment.  At the time the plea agreement was entered, the Defendant believed he had two (2) prior drug felony convictions as defined by the United States Sentencing Guidelines.  As a result, he also believed that he qualified as a career offender.  His dispute in this case is not a factual dispute, but rather is a legal dispute as to whether the sentence for a conviction on October 1, 1990 qualifies as a felony under the guidelines.

### B.  Defendant does not Qualify as a Career Offender under USSG §4B1.1

The dispute in this case revolves around a conviction on October 1, 1990 for Unlawful Delivery of a Controlled Substance in the State of Illinois.  Government Exhibit 1 sets forth the amended information and sentencing order.  The Illinois Court sentenced Mr. Mess to a term of "periodic imprisonment of eighteen (18) months said term to begin October 6, 1990 until April 7, 1990. " However, the express terms of that same sentencing order states "the defendant will

place himself at said public safety building at 7:00 p.m. on said Saturday until 7:00 p.m. on Sunday on the first and third weekends of every month. Beginning January 2, 1991 defendant will place himself at the public safety building at 7:00 p.m. for a term of thirty (30) days straight time?" The total amount of time the defendant was sentenced to be 102 days, significantly less than one (1) year. There is no language stating that any other period of time was suspended .The very terms of the Exhibit 1 sentenced the defendant to less than one (1) year -102 days spread out over an eighteen (18) month period.

The Government exhibit 2 sets forth the statute in question. That statute provides that no person shall be sentenced to a term of periodic imprisonment longer than one (1) year if he is committed to County Correctional Institution or Facility and in conjunction with that sentence participates in the county work release program similar to the work in day release program provided for in Article 13. Obviously, given the balance of the Presentence Investigation in this case, Mr. Mess was given periodic release to do work. He was not a custodial parent so the release could not have been for family needs. His education history establishes that he was not released for educational needs. The only thing that could have qualified for periodic imprisonment was release for work.

The Government contends this is a collateral attack on the sentence. The Defendant is not trying to make the sentence something other than it is-a102 days under a statute that states: "Periodic confinement in a jail or county facility (which is where Mr. Mess was incarcerated) can not exceed one (1) year". The Defendant is not saying that Illinois entered an illegal sentence. Illinois does not appear to have any case law on Illinois code section 730 ILCS §5-7-1 that can lend any guidance on this statute at all let alone what qualifies as " a work release program" to limit the maximum period of incarceration. Consequently, the question is not a collateral attack on the sentence, but simply

whether the sentence ought to be scored as a felony under the specific language of the United States Sentencing Guidelines. The Defendant contends that, although a felony under state law, the conviction does not count as a "felony" under guideline law since it could not exceed one year in jail and, more importantly, since it does not meet the one (1) year term of imprisonment criteria it is not scorable based upon the age of the conviction.

When the draft pre-sentence report came out, this offense was not scored by the United States Probation Office. If everything were as clear-cut as the Government indicates, certainly, one would have expected the probation office to score it initially as well. As stated in the Objections to the PSIR Mr. Mess is contending that based upon the Illinois Statute (Government Exhibit 2) and the United States Sentencing Guidelines read together, this particular offense cannot be scored as a felony in that the actual sentence imposed was not in excess of one (1) year as required.

If this particular conviction is not scored, Mr. Mess is not eligible as a career offender. If this offense is scored, the Defendant respectfully submits that the rest of the Presentence Investigation report calculations are correct with the exception of acceptance of responsibility.

### C. Acceptance of Responsibility

Nothing in the plea agreement prohibited the Defendant from requesting a third level of acceptance of responsibility. The Government was not required to prepare for trial. The Government was notified early of the Defendant's intent to plead. The Government was not required to subpoena any witnesses. In fact, the Defendant notified the Government in sufficient time of his intent to plead that he was available and actually brought over as a potential witness in a related trial. The defendant expressly waived any motions for downward departure based on his

willingness to testify.  However, based upon the timeliness of Mr. Mess's decision to enter his plea,

it would be just to afford him the third level of acceptance of responsibility.

___/s/Crystal L. Usher_____

Crystal L. Usher AT0008023

NAZETTE, MARNER, WENDT,

KNOLL & USHER, L.L.P.

100 1st Street SW, Suite 100

Cedar Rapids, IA 52404

(319) 364-0124

(319) 364-1116 – Facsimile

email: crystal.usher@nazmar.com

ATTORNEY FOR DEFENDANT MESS

**Copy To:**
**Dan Tvedt**

**CERTIFICATE OF SERVICE**
The undersigned certifies that the foregoing instrument
was served upon all parties to the above cause to each
of the attorneys of record herein at their respective addresses
disclosed on the pleadings on October 17, 2006.

By: ___ U.S. Mail                    ___ FAX
      ___ Hand Delivered              ___ Overnight Courier
      ___ Certified Mail_X__ Other: email

Signature _____/s/Crystal L. Usher