# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| **UNITED STATES,** )<br>)<br>Plaintiff, )<br>) **NO. CR06-2007-LRR**<br>v. )<br>) **SENTENCING MEMORANDUM**<br>**RAMON ESCOBAR-GOMEZ,** )<br>Defendant. ) | |

In response to this Court's Order Setting Sentencing Hearing, which schedules the sentencing hearing in this case for November 2, 2006 at 8:00am. Pursuant to the Order Setting Sentencing Hearing, the Defendant states:

### A.      Witnesses

The Defendant would be the only potential witness on the issue relating to the issue of ability to pay fines.

### B.      Exhibits

The Defendant does not have any exhibits.  Rather, the Defendant and the Government have stipulated to the amount of the gambling winnings.  The Defendant agrees that the discovery documents (Internal Revenue Service documents) establish the amounts listed in the Government's Sentencing Memorandum.

### C.      Sentencing Issues

The only issue to be determined by the Court is whether the Defendant has the ability to pay a fine in this matter.

### D.      Brief – Argument Setting Forth Defendant's Position

Defendant resided legally in the United States from 1993 until September 2004.  The last time the Defendant filed tax returns, which he believes was either 2002 or 2003 he was still working for the meat processing plant and made approximately $20,000.  In either 2002 or 2003 he discontinued working for the meat processing plant and thereafter had very little earned income.

From that point on, Mr. Escobar-Gomez's income consisted primarily of occasional disc jockey jobs, temporary employment through Kaiser Cleaning Services and gambling winnings.  In 2004 his earnings were less than $1,000 and his gambling winnings were approximately $96,000.00.

The gambling proceeds were used to buy his disc jockey equipment (he estimates that was approximately $6,000.00) and some restaurant equipment he hoped to start a small restaurant with when he returned from Mexico (which he believes cost about $6,200.00).  The proceeds also supported him and his girlfriend and the daughter he fathered in a prior relationship.  The rent for the apartment they shared cost $750.00 and they had other monthly expenses.  He estimates that approximately 1,000.00 to 1,250.00 each month went out just for monthly expenses for the 16 months he was gone.  He bought necessities and gifts for his child. In addition he gave money to his mother and his father to help them.  He bought a time share in Mexico that cost $3,500.00 and the balance of the money was used to support him in Mexico.  His girlfriend would send money to him or his uncle each month that he was in Mexico.  Those amounts varied.  Some were as high as

$3,000.00 and some were as low as $500.00. The last of the money went to pay a lawyer to assist him when he the removal proceedings were instituted against him in June 2005

Defendant completed financial documents for the United States Attorney's Office and for the probation office. He has no assets at the present time. Every thing he bought with the proceeds has been taken. When he was arrested the owner of the night club that he was to perform in the following weekend indicated that his disc jockey equipment and restaurant equipment had been taken. The Defendant believes that the landlord auctioned off all of the property in the bar/restaurant to satisfy the debts of the owner of the business. The timeshare was foreclosed on during the time the Defendant was detained and removed as the fees were not paid. T

His credit history indicates that he has substantial liabilities, including child support obligation. Defendant will not have the ability to make money on entry of the sentence in this matter. The specific terms of his anticipated sentence include that he would serve a period of confinement of 37-46 months. Thereafter, a condition of his plea agreement is that he would be removed from the United States. Consequently, he will not have gainful employment here in the United States with which to pay his fines. At best, the government could anticipate they would receive $25 per quarter as the special assessment was paid. Given the arrearage in child support, some portion of any income he made in prison would be paid toward his child support obligation first, and his fines second.

The Defendant respectfully requests that the Court find that he does not have the ability to

pay a fine in this matter.

___/s/Crystal L. Usher_____
Crystal L. Usher AT0008023
NAZETTE, MARNER, WENDT,
KNOLL & USHER, L.L.P.
100 1st Street SW, Suite 100
Cedar Rapids, IA 52404
(319) 364-0124
(319) 364-1116 – Facsimile
email: crystal.usher@nazmar.com
ATTORNEY FOR DEFENDANT ESCOBAR-GOMEZ

**Copy To:**
**Matt Cole**

**CERTIFICATE OF SERVICE**
The undersigned certifies that the foregoing instrument
was served upon all parties to the above cause to each
of the attorneys of record herein at their respective addresses
disclosed on the pleadings on October 19, 2006.

By: ___ U.S. Mail       ___ FAX
    ___ Hand Delivered       ___ Overnight Courier
    ___ Certified Mail _X__ Other: email

Signature _____/s/Crystal L. Usher